# Birmingham Railway & Electric Co. v. Doss.

*Action to recover Damages for Personal Injuries.*

1. *Action for personal injuries caused by overflow; charge as to unprecedented rainfall.*—In an action to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant, where the negligence complained of was the failure of the defendant to provide or maintain in good condition proper or sufficient outlets, ways, or means, or appliances, to prevent a lake under the control of the defendant from overflowing, and the evidence tends to show a failure by the defendant to maintain the outlets, etc., in good condition, and also affords an inference that had the outlets to prevent said lake from overflowing been in good condition, the injuries complained of would not have been inflicted, notwithstanding an unprecedented rainfall, charges requested by the defendant are properly refused which instruct the jury that "if you believe from the evidence that plaintiff alleged injury and damage were caused by an unprecedented rainfall, you must render your verdict in favor of the defendant."

2. *New trial; how ruling of court thereon reviewed on appeal.* On appeal the trial court will not be put in error for overruling a motion for a new trial, upon the ground that the verdict was contrary to the evidence, unless after allowing a reasonable presumption the court is clearly convinced that a preponderance of the evidence was against the verdict as rendered.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This is a suit instituted by the appellee, plaintiff below, to recover damages for an injury which is

alleged to have been caused by negligence on the part of the appellant, defendant in the court below, in failing to provide or maintain in good condition, proper and sufficient outlets, or proper and sufficient storm water sewers, or ditches, or other proper and sufficient ways, means, or appliances to prevent the overflow of a certain lake, known as Lake View, which is alleged to have been in the possession of, or under the control of appellant, on the 19th day of July, 1900, when the alleged overflow and injury is claimed to have taken place. It was averred in the complaint that by reason of the overflow caused by the negligence of the defendant in failing to have a proper outlet, large quantities of water flowed from said lake upon or against a cottage occupied by the plaintiff and caused the porch or gallery of said cottage to fall and furniture in said house to fall and the plaintiff was struck and knocked or caused to fall and suffered the injuries complained of. Under the opinion on the present appeal it is unnecessary to set out the facts of the case in detail.

Among the other charges requested by the defendant, to the refusal to give each of which the defendant separately excepted, were the following: (5.) "If you believe from the evidence that the water that ran down upon or against the cottage and curtilage and garden came from the lake because of an unprecedented and unlooked-for storm, rainfall or cloud burst, your verdict must be for the defendant." (6.) "If you believe from the evidence that plaintiff's alleged injury and damage were caused by an unprecedented rainfall, you must render your verdict in favor of the defendant."

There were verdict and judgment for the plaintiff, whereupon the defendant made a motion for a new trial. The only grounds of this motion insisted upon on the present appeal is sufficiently stated in the opinion. The court overruled the motion, and the defendant duly excepted. From a judgment in favor of the plaintiff the defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

[Birmingham Railway & Electric Co. v. Doss.]

WALKER, TILLMAN, CAMPBELL & PORTER, for appellant.

BOWMAN & HARSH, contra.

TYSON, J.—There are sixteen assignments of error on the record. Of these, only three are insisted upon in brief of counsel for appellant. Two of these are based upon the refusal to defendant, by the trial court, of charges numbered 5 and 6.

The negligence complained of, was the failure of defendant to provide or maintain in good condition, proper and sufficient outlets or proper · and sufficient ways, means or appliances to prevent the lake from overflowing. The evidence tended to show a failure by defendant to maintain the outlets, etc., etc., in good condition. So, too, it afforded an inference that had the outlets, etc., etc., to prevent the lake from overflowing, been in good condition, the injuries complained of would not have been inflicted, notwithstanding the unprecedented rainfall. The charges were properly refused.

The other assignment relates to the action of the court in overruling the motion for a new trial. The motion contained five grounds. Only the fifth ground is insisted upon here. It is in these words: "For that the great weight of the evidence supports the contention of defendant, that defendant was not in the possession of the said lake at the time of the alleged overflow, nor was defendant controlling or claiming to control said lake at said time." It must be conceded that the burden of proof was upon the plaintiff to establish to the reasonable satisfaction of the jury that defendant was in possession of and claiming to control the lake and grounds contiguous thereto on the occasion of the alleged injuries to plaintiff. After a consideration of all the evidence we are unwilling to affirm that the trial court erred in overruling the motion.

Affirmed.